

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print    GrantedPublicAccess   Logoff KEVINPREWITT

**21SL-CC01828 - KAREN GRACE V CLUB FITNESS, INC. (E-CASE)**

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending ○ Ascending

Display Options: All Entries

---

**05/10/2021** ☐ **Summons Personally Served**
Document ID - 21-SMCC-3571; Served To - CLUB FITNESS, INC.; Server - ; Served Date - 29-APR-21; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

**05/05/2021** ☐ **Notice of Service**
Affidavit of Service - Return of Service.
    **Filed By:** JOHN FRANCIS GARVEY JR

**04/23/2021** ☐ **Summons Issued-Circuit**
Document ID: 21-SMCC-3571, for CLUB FITNESS, INC..Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Motion Special Process Server**
Request for Special Process Server.
    **Filed By:** JOHN FRANCIS GARVEY JR
    **On Behalf Of:** KAREN GRACE

☐ **Judge/Clerk - Note**
NO SUMMONS ISSUED DUE TO MISSING SPECIAL PROCESS SERVER FORM. WHEN CORRECTED, PLEASE CALL CLERK, MOLLY, (314) 615-8470.

☐ **Filing Info Sheet eFiling**
    **Filed By:** JOHN FRANCIS GARVEY JR

☐ **Note to Clerk eFiling**
    **Filed By:** JOHN FRANCIS GARVEY JR

☐ **Pet Filed in Circuit Ct**
Class Action Complaint.
    **Filed By:** JOHN FRANCIS GARVEY JR
    **On Behalf Of:** KAREN GRACE

☐ **Judge Assigned**
DIV 4

---

Case.net Version 5.14.17.7     Return to Top of Page     Released 05/13/2021

IN THE 21st JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI
21st JUDICIAL CIRCUIT

| | |
|---|---|
| KAREN GRACE<br><br>   Plaintiff<br>v.<br><br>CLUB FITNESS INC<br><br>   Defendant | Case No.:21SL-CC01828 |

## AFFIDAVIT OF PERSONAL SERVICE

That I, Adam Neil hereby solemnly affirm under penalties of perjury and upon personal knowledge that the contents of the following document are true and do affirm I am a competent person over 18 years of age, not a party to this action and that I am certified and in good standing and/or authorized to serve process in the Judicial Circuit in which the process was served.

That on 4/29/2021 at 1:43 PM at 3701 N Saint Peters Pkwy Ste A, Saint Peters, MO 63376-7370 I served CLUB FITNESS INC with the following list of documents: SUMMONSPETITION by then and there personally delivering a true and correct copy of the documents into the hands of and leaving with CLUB FITNESS INC.

That I asked the person spoken to whether the Servee was in the active duty military service of the United States or in the state in which this service was made and was told [ ] No they were not [ ] Yes they are [ ] No answer was given.

That the fee for this Service is $ 80.00

Adam Neil
Contracted by Captured Investigative Agency
8235 Forsyth Blvd., STE 1100
Clayton, MO 63105
(314) 392-3205

Executed On: 5/5/2021

Order #:19964
Their File KAREN GRACE

JOHN GREGORY HOUSEMAN
My Commission Expires
October 25, 2023
St. Louis County
Commission #15138515
NOTARY PUBLIC
NOTARY SEAL
STATE OF MISSOURI



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH SHOCKLEE DUEKER | Case Number:  21SL-CC01828 |
|---|---|
| Plaintiff/Petitioner:<br>KAREN GRACE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOHN FRANCIS GARVEY JR<br>8235 FORSYTH BLVD<br>STE 1100<br>ST LOUIS, MO  63105 |
| Defendant/Respondent:<br> CLUB FITNESS, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:**   CLUB FITNESS, INC.
                                        **Alias:**
3701 N SAINT PETERS PARKWAY
SUITE A
ST. PETERS, MO  63376



*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>   23-APR-2021   </u>                                            _____
   **Date**                                                                                                   **Clerk**

**Further Information:**
MT

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by:  (check one)
  ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
  ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
       _____a person of the Defendant's/Respondent's family over the age of 15 years who
       permanently resides with the Defendant/Respondent.
  ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
       _____ (name) _____(title).
  ☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).
_____                    _____
      Printed Name of Sheriff or Server                                                Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
                       Subscribed and sworn to before me on _____ (date).
   (Seal)
                       My commission expires: _____      _____
                                                                  Date                                                    Notary Public

**Sheriff's Fees, if applicable**
Summons                                $_____
Non Est                                   $_____
Sheriff's Deputy Salary
Supplemental Surcharge       $_____10.00_____
Mileage                                   $_____ (_____ miles @ $._____ per mile)
**Total**                                    $_____
A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

# County Satellite Court Now Open in St. Ann
**Hours: Mon-Fri  8:30 a.m. to 5:00 p.m.   FREE PARKING**

For the convenience of North County residents, a satellite branch of the St. Louis County Circuit Court is now open at the St. Louis County Government Center Northwest at the 715 Northwest Plaza Drive in St. Ann.

**Attending Court Hearings Remotely using E-Courts**

If you are scheduled to appear in court, you can access the courtroom remotely using the public computer stations (E-courts) in St. Ann and Clayton. These are available for use when courtroom access is restricted due to the pandemic.

**Please note:** Hearings for juvenile and paternity cases are confidential, and can only be accessed from the Clayton E-court at this time.

**Be sure to bring your paperwork with you; you will need your case number, as well as the date, time and number of the Division where you are scheduled to appear.**

**Filing Pleadings/New Petitions**

If you are representing yourself, you may file your paperwork at the St. Ann satellite court, in addition to the Clayton courthouse, using the secure drop box located inside the Court reception area.

**Filing Orders of Protection**

Starting March 1, you may file for an Order of Protection at the Adult Abuse office in the St. Ann satellite court, in addition to the Clayton courthouse.  Clerks will be available on-site to help you fill out and file the necessary paperwork.

**For more information call: 314-615-8029**



**In the**
# CIRCUIT COURT
**Of St. Louis County, Missouri**

KAREN GRACE
Plaintiff/Petitioner

vs.

CLUB FITNESS, INC.
Defendant/Respondent

Date: April 23, 2021

Case Number: 21SL-CC01828

Division: _____

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Plaintiff Karen Grace, (Requesting Party) pursuant to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

John Houseman, M.D., Captured Investigative Agency, PO Box 50341, Clayton, MO 63105
Name of Process Server / Address / Telephone

_____ (314)392-3205
Name of Process Server / Address or in the Alternative / Telephone

_____ _____
Name of Process Server / Address or in the Alternative / Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
Name: Officer or Director of Club Fitness, Inc.
Address: 3701 N Saint Peters Pkwy, Ste. A
City/State/Zip: St. Peters, MO 63376

SERVE:
Name: _____
Address: _____
City/State/Zip: _____

SERVE:
Name: _____
Address: _____
City/State/Zip: _____

SERVE:
Name: _____
Address: _____
City/State/Zip: _____

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By _____
   Deputy Clerk

_____
Date

/s/John F. Garvey
Signature of Attorney/Plaintiff/Petitioner
Bar No.: 35879
Address: 8235 Forsyth, Ste. 1100, Clayton, MO
Phone No.: (314) 725-7700   Fax No.: (314) 678-3401

CCADM62-WS   Rev. 07/19

Local Rule 28.  SPECIAL PROCESS SERVERS

(1) Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2) The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A) Appointments may list more than one server as alternates.

(B) The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C) Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D) No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E) Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://wp.stlcountycourts.com > forms.

(F) This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

21SL-CC01828

Electronically Filed - St Louis County - April 23, 2021 - 10:52 AM

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI**

| | |
|---|---|
| **KAREN GRACE** <br> 1516 Voltaire Drive <br> St. Louis, MO 63146 <br><br> *Plaintiff,* <br> VS. <br><br> **CLUB FITNESS, INC.** <br> Serve:  Any Officer or Director <br>         3701 N Saint Peters Pkwy Ste A <br>         Saint Peters, MO 63376 <br><br> *Defendant.* | ) <br> ) <br> ) <br> ) **CASE NO.** <br> ) <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**CLASS ACTION COMPLAINT**

Plaintiff Karen Grace (hereinafter "Ms. Grace" or "Plaintiff"), on behalf of herself and the proposed class defined below, brings this action against Club Fitness, Inc. ("Club Fitness" or "Defendant"), to secure redress for Defendant's violations of the do-not-call rules of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**NATURE OF THE ACTION**

1. Advancements in telephone dialing technology by the 1980s and 90s made reaching a large number of consumers by telephone easier and more cost-effective. However, this technology has also brought with it an onslaught of unsolicited robocalls that intrude on individual privacy and waste consumer time and money. As a result, the federal government and numerous states have enacted legislation to combat these widespread telecommunications abuses. As Congress recognized:

> Many customers are outraged over the proliferation of intrusive, nuisance calls to their homes…. Banning such automated or prerecorded telephone calls to the home, except when the receiving

1

> party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Pub. L. No. 102-243, 105 Stat. 2394 § 2(6, 12) (1991).

2. As is relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

3. Plaintiff files this class action complaint on behalf of herself and others similarly situated, seeking relief from Defendant's illegal calling practices.

## THE PARTIES

4. Plaintiff Karen Grace is a natural person who resides in St. Louis County, Missouri.

5. Defendant Club Fitness, Inc. is a Missouri corporation with a principal place of business at 3701 N. St. Peters Parkway, Suite A, St. Peters, Missouri 63376.

## JURISDICTION AND VENUE

6. This court is vested with subject-matter jurisdiction pursuant to Mo. Stat. § 478.070.

7. This Court has personal jurisdiction over Club Fitness as it provides services in Missouri and makes telemarketing calls into Missouri.

8. Venue is proper in this Court pursuant to MO Stat. § 508.010 because Plaintiff was first injured in the county of St. Louis since that is where she received the telemarketing call at issue.

2

## TCPA BACKGROUND

A.   **The TCPA Prohibits Automated Telemarketing Calls**

9.   In 1991, Congress enacted the TCPA[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

10.  Specifically, the TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

11.  The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

12.  According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

13.  The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

14. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

## FACTUAL ALLEGATIONS

**A.  Factual Allegations Regarding Defendant**

15. Club Fitness is a gym with 19 locations in the St. Louis area.

16. One of Club Fitness's telephone numbers is (636) 717-2582. *See* https://www.clubfitness.us/location/fenton/ (last visited April 15, 2021).

17. One of Club Fitness's strategies for marketing its services includes the use of pre-recorded telephone solicitation calls.

18. Recipients of these telephone solicitation calls, including Plaintiff, did not consent to receive such calls.

**B.  Factual Allegations Regarding Plaintiff**

19. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

4

20. Plaintiff's telephone number, (314) 504-XXXX, is a cellular telephone number used for personal, residential purposes.

21. Plaintiff's telephone number, (314) 504-XXXX, is a non-commercial telephone number not associated with any business.

22. On December 11, 2020, Plaintiff received a pre-recorded telemarketing call from Club Fitness.

23. The pre-recorded message stated, "Hey its Joe down here at the Club Fitness in Fenton. I saw you checked us out online so was just calling to see if you maybe wanted to stop by today and check out everything we have to offer. Just give me a call back when you can and I'll talk to you soon. Bye bye."

24. The caller ID stated "Club Fitness FE."

25. Plaintiff was not, and had never been, interested in Club Fitness's services.

26. Plaintiff never visited Club Fitness's website.

27. Furthermore, Plaintiff had never been a customer of Club Fitness and never consented to receive calls from Club Fitness.

28. Plaintiff was so bothered by the pre-recorded telemarketing call she received from Club Fitness that she reported the call to both the Federal Communications Commission and the Missouri Attorney General's Office.

29. Plaintiff and other individuals who received these calls suffered an invasion of privacy and were harassed by the conduct of Defendant.

**CLASS ALLEGATIONS**

30. Pursuant to Missouri Court Rule of Civil Procedure 52.08, Plaintiff brings this class action on behalf of herself and the following proposed Class (the "Class"):

5

> All non-customers of Club Fitness in the United States to whom Club Fitness or someone on its behalf initiated a call using the same or similar recorded message used to contact Plaintiff on or after the date four years prior to the filing of this action.

31. The following people are excluded from the Class: (1) any judge or magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, affiliated entities, and any entity in which the Defendant or its parent has a controlling interest, and their current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

32. Plaintiff and members of the Class satisfy the numerosity, commonality, typicality, adequacy, and predominance prerequisites for suing as representative parties pursuant to Rule 52.08(a).

33. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of its agents.

34. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

35. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions to

vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Class, and Defendant has no defenses unique to Plaintiff.

36. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

    a. Whether Club Fitness obtained prior express written consent to make the calls at issue;

    b. Whether Club Fitness used pre-recorded messages to make calls;

    c. Whether Club Fitness should be held liable for violations on its behalf; and

    d. Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(b)(3).

37. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members of each Class, such that joinder of all members is impracticable.

2. In addition to satisfying the prerequisites of Rule 52.08(a), Plaintiff satisfies the requirements for maintaining a class action under Rule 52.08(b) because:

  a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

  b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

  c. Defendant has acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Class as a whole; and

  d. Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

<b><u>COUNT I</u><br>Violations of the TCPA, 47 U.S.C. § 227<br>(On Behalf of Plaintiff and the Class)</b>

38. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

39. It is a violation of the TCPA to initiate any call with a pre-recorded message to a cellular telephone.

40. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by making calls, except for emergency purposes, and delivering pre-recorded messages to the cellular telephone numbers of Plaintiff and members of the Class.

41. These violations were willful or knowing.

42. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, Plaintiff and members of the Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(b)(3).

43. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(b)(3).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, respectfully requests that the Court enter judgment against Defendant for:

A. Certification of the Class as alleged herein;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned as counsel for the Class;

D. Damages to Plaintiff and members of the Class pursuant to 47 U.S.C. § 227(b)(3);

E. Injunctive relief for Plaintiff and members of the Class preventing Defendant from making calls using pre-recorded messages;

F. Attorneys' fees and costs, as permitted by law; and

G. Such other or further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated:  April 23, 2021

Respectfully submitted,

By:  /s/ John F. Garvey
　　　John F. Garvey #35879
　　　CAREY DANIS & LOWE
　　　8235 Forsyth, Suite 1100
　　　St. Louis, Missouri 63105
　　　Telephone: (314) 725-7700
　　　Facsimile:  (314) 678-3401
　　　jgarvey@careydanis.com

　　　Samuel J. Strauss*
　　　TURKE & STRAUSS LLP
　　　613 Williamson Street #201
　　　Madison, WI 53703
　　　Telephone: (608) 237-1775
　　　Facsimile:  (608) 509-4423
　　　sam@turkestrauss.com

　　　Anthony Paronich*
　　　PARONICH LAW, P.C.
　　　350 Lincoln Street, Suite 2400
　　　Hingham, Massachusetts 02043
　　　Telephone: (617) 485-0018
　　　Facsimile:  (508) 318-8100
　　　anthony@paronichlaw.com

　　　*Motions for Admission to be filed

　　　*Attorneys for Plaintiff and the Proposed Class*

## CERTIFICATE OF FILING

The undersigned hereby certifies that the foregoing Class Action Complaint has been filed using the Court's electronic case filing system on this 23rd day of April, 2021.

　　　　　　　　　　　　　　　　　　　/s/ John F. Garvey