**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS**
**STATE OF MISSOURI**

| | |
|---|---|
| **KAREN GRACE** ) <br> 1516 Voltaire Drive ) <br> St. Louis, MO 63146 ) <br> ) <br> *Plaintiff,* ) <br> VS. ) <br> ) <br> ) <br> **CLUB FITNESS, INC.** ) <br> Serve:  Any Officer or Director ) <br>         3701 N Saint Peters Pkwy Ste A ) <br>         Saint Peters, MO 63376 ) <br> ) <br> *Defendant*. ) | CASE NO. <br><br> **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Karen Grace (hereinafter "Ms. Grace" or "Plaintiff"), on behalf of herself and the proposed class defined below, brings this action against Club Fitness, Inc. ("Club Fitness" or "Defendant"), to secure redress for Defendant's violations of the do-not-call rules of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

1. Advancements in telephone dialing technology by the 1980s and 90s made reaching a large number of consumers by telephone easier and more cost-effective. However, this technology has also brought with it an onslaught of unsolicited robocalls that intrude on individual privacy and waste consumer time and money. As a result, the federal government and numerous states have enacted legislation to combat these widespread telecommunications abuses. As Congress recognized:

> Many customers are outraged over the proliferation of intrusive, nuisance calls to their homes…. Banning such automated or prerecorded telephone calls to the home, except when the receiving

> party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Pub. L. No. 102-243, 105 Stat. 2394 § 2(6, 12) (1991).

2. As is relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

3. Plaintiff files this class action complaint on behalf of herself and others similarly situated, seeking relief from Defendant's illegal calling practices.

## THE PARTIES

4. Plaintiff Karen Grace is a natural person who resides in St. Louis County, Missouri.

5. Defendant Club Fitness, Inc. is a Missouri corporation with a principal place of business at 3701 N. St. Peters Parkway, Suite A, St. Peters, Missouri 63376.

## JURISDICTION AND VENUE

6. This court is vested with subject-matter jurisdiction pursuant to Mo. Stat. § 478.070.

7. This Court has personal jurisdiction over Club Fitness as it provides services in Missouri and makes telemarketing calls into Missouri.

8. Venue is proper in this Court pursuant to MO Stat. § 508.010 because Plaintiff was first injured in the county of St. Louis since that is where she received the telemarketing call at issue.

## TCPA BACKGROUND

A.   **The TCPA Prohibits Automated Telemarketing Calls**

9. In 1991, Congress enacted the TCPA[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

10. Specifically, the TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

11. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

12. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

13. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

14. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

## FACTUAL ALLEGATIONS

**A.  Factual Allegations Regarding Defendant**

15. Club Fitness is a gym with 19 locations in the St. Louis area.

16. One of Club Fitness's telephone numbers is (636) 717-2582. *See* https://www.clubfitness.us/location/fenton/ (last visited April 15, 2021).

17. One of Club Fitness's strategies for marketing its services includes the use of pre-recorded telephone solicitation calls.

18. Recipients of these telephone solicitation calls, including Plaintiff, did not consent to receive such calls.

**B.  Factual Allegations Regarding Plaintiff**

19. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

4

20. Plaintiff's telephone number, (314) 504-XXXX, is a cellular telephone number used for personal, residential purposes.

21. Plaintiff's telephone number, (314) 504-XXXX, is a non-commercial telephone number not associated with any business.

22. On December 11, 2020, Plaintiff received a pre-recorded telemarketing call from Club Fitness.

23. The pre-recorded message stated, "Hey its Joe down here at the Club Fitness in Fenton. I saw you checked us out online so was just calling to see if you maybe wanted to stop by today and check out everything we have to offer. Just give me a call back when you can and I'll talk to you soon. Bye bye."

24. The caller ID stated "Club Fitness FE."

25. Plaintiff was not, and had never been, interested in Club Fitness's services.

26. Plaintiff never visited Club Fitness's website.

27. Furthermore, Plaintiff had never been a customer of Club Fitness and never consented to receive calls from Club Fitness.

28. Plaintiff was so bothered by the pre-recorded telemarketing call she received from Club Fitness that she reported the call to both the Federal Communications Commission and the Missouri Attorney General's Office.

29. Plaintiff and other individuals who received these calls suffered an invasion of privacy and were harassed by the conduct of Defendant.

**CLASS ALLEGATIONS**

30. Pursuant to Missouri Court Rule of Civil Procedure 52.08, Plaintiff brings this class action on behalf of herself and the following proposed Class (the "Class"):

> All non-customers of Club Fitness in the United States to whom Club Fitness or someone on its behalf initiated a call using the same or similar recorded message used to contact Plaintiff on or after the date four years prior to the filing of this action.

31. The following people are excluded from the Class: (1) any judge or magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, affiliated entities, and any entity in which the Defendant or its parent has a controlling interest, and their current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

32. Plaintiff and members of the Class satisfy the numerosity, commonality, typicality, adequacy, and predominance prerequisites for suing as representative parties pursuant to Rule 52.08(a).

33. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of its agents.

34. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

35. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions to

Electronically Filed - St Louis County - April 23, 2021 - 10:52 AM

vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Class, and Defendant has no defenses unique to Plaintiff.

36. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

   a. Whether Club Fitness obtained prior express written consent to make the calls at issue;

   b. Whether Club Fitness used pre-recorded messages to make calls;

   c. Whether Club Fitness should be held liable for violations on its behalf; and

   d. Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(b)(3).

37. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members of each Class, such that joinder of all members is impracticable.

2. In addition to satisfying the prerequisites of Rule 52.08(a), Plaintiff satisfies the requirements for maintaining a class action under Rule 52.08(b) because:

      a.    The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

      b.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

      c.    Defendant has acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Class as a whole; and

      d.    Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

<u>**COUNT I**</u>
**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Class)**

38.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

39.    It is a violation of the TCPA to initiate any call with a pre-recorded message to a cellular telephone.

40.    Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by making calls, except for emergency purposes, and delivering pre-recorded messages to the cellular telephone numbers of Plaintiff and members of the Class.

41. These violations were willful or knowing.

42. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, Plaintiff and members of the Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(b)(3).

43. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(b)(3).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, respectfully requests that the Court enter judgment against Defendant for:

A. Certification of the Class as alleged herein;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned as counsel for the Class;

D. Damages to Plaintiff and members of the Class pursuant to 47 U.S.C. § 227(b)(3);

E. Injunctive relief for Plaintiff and members of the Class preventing Defendant from making calls using pre-recorded messages;

F. Attorneys' fees and costs, as permitted by law; and

G. Such other or further relief as the Court deems just and proper.

Electronically Filed - St Louis County - April 23, 2021 - 10:52 AM

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: April 23, 2021

Respectfully submitted,

By: */s/ John F. Garvey*
John F. Garvey #35879
CAREY DANIS & LOWE
8235 Forsyth, Suite 1100
St. Louis, Missouri 63105
Telephone: (314) 725-7700
Facsimile: (314) 678-3401
jgarvey@careydanis.com

Samuel J. Strauss*
TURKE & STRAUSS LLP
613 Williamson Street #201
Madison, WI 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423
sam@turkestrauss.com

Anthony Paronich*
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100
anthony@paronichlaw.com

*Motions for Admission to be filed

*Attorneys for Plaintiff and the Proposed Class*

## CERTIFICATE OF FILING

The undersigned hereby certifies that the foregoing Class Action Complaint has been filed using the Court's electronic case filing system on this 23rd day of April, 2021.

*/s/ John F. Garvey*